Keene Municipal Court,
Nos. 4585.
4586.

STATE *v.* JANET L. HARRIS.

STATE *v.* VERNE L. HARRIS.

Submitted June 4, 1957.

Decided June 28, 1957.

*Louis C. Wyman,* Attorney General, and *Arthur Olson, Jr.,* county solicitor, for the State, furnished no brief.

*William D. Tribble* for Janet L. and Verne L. Harris.

LAMPRON, J. An essential element of the offense charged in each of the complaints which the State had the burden to prove beyond a reasonable doubt was that on November 29, 1956, Verne L. Harris was not licensed to drive a motor vehicle in New Hampshire. *State* v. *LaPointe,* 81 N. H. 227. There was proof offered that he had been notified on August 29, 1955, that he "must file [financial responsibility] for conviction of August 26, 1955," according to the records of the Motor Vehicle Department. Under RSA 268:3 his registration plates and his license to operate were to be surrendered "unless and until such person gives and thereafter maintains proof of his financial responsibility in the future." In addition thereto the Court took judicial notice of a plea of guilty which he made to a charge of operating a motor vehicle after his license had been suspended on June 1, 1956. *State* v. *Giles,* 81 N. H. 328, 329.

"It is often said that when a person, or object, or relation, or state of things, is shown to have existed at a given time, its *continuance* is presumed. In reality, however, a genuine rule of presumption is seldom found; the rulings usually declare merely that certain facts are admissible, or that they are sufficient evidence for the jury's finding." IX Wig. Ev. (3rd *ed.*) 461; *State* v. *Colston,* 53 N. H. 483; *Dube* v. *Bickford,* 92 N. H. 362, 364.

The master file of the Motor Vehicle Department showed that on November 24, 1954, an order was entered that Verne Lee Harris must furnish financial responsibility for the future. A further entry noted the fact that he did file a certificate of financial responsibility and that the notice to return his license and plates previously issued was rescinded and his license and plates were returned to him on January 14, 1955. There is however no entry on that record up to November 29, 1956, the date of the offenses charged, that the order of August 26, 1955, that Verne Lee Harris must file a certificate of financial responsibility had been rescinded or that his license and plates had been returned to him. Furthermore he admitted by a plea of guilty that on June 1, 1956, he was then operating a motor vehicle after his license had been suspended. *State* v. *Giles, supra.*

There was therefore evidence that his license to operate had

been suspended on August 26, 1955 and an admission by said Verne L. Harris that on June 1, 1956, he was then operating a motor vehicle after his license had been suspended. There was no entry in the master file of the Motor Vehicle Department that he had furnished a certificate of financial responsibility without which he could not obtain his license nor was there any entry showing that his license had been returned to him. Lastly there was no evidence that he did have a license on November 29, 1956, the day of the offense charged in the complaint against him. The above consti-tuted a sufficient basis for a finding that the defendants were guilty of the offenses charged. *State* v. *Colston, supra*.

*Exceptions overruled.*

DUNCAN, J., dissented; the others concurred.